FILED
BILLINGS DIV.

2008 FEB 28  PM 3 44

PATRICK E. DUFFY, CLERK
BY _____
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CROWN PARTS AND MACHINE, INC., a Montana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CON-WAY FREIGHTS, INC., a Delaware corporation,<br><br>Defendant. | CV-08-18-BLG-RFC-CSO<br><br>**<u>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>** |

Plaintiff Crown Parts and Machine, Inc. ("Crown") initiated this action in state court against Defendant Con-way Freight Inc. ("Con-way"). *Cmplt.* (Court's Doc. No. 5). Crown alleged that it entered a contract with Con-way for Con-way to transport certain "mining parts" from Los Angeles, California, to Billings, Montana, for Crown. *Id.* at ¶ 8. Crown alleged that Con-way failed to transport a part identified as a "VE7384 Torque

-1-

Tube" that has a fair market value of $33,192.72. *Id. at ¶¶ 11-12.* Crown, which alleged claims for negligence (Court I) and conversion (Count II), sought compensatory damages for the torque tube, prejudgment interest, and consequential damages.

On January 30, 2008, Con-way removed the action to this Court. Court's Doc. No. 1 (Notice of Removal). Con-way also filed a Motion to Dismiss (Court's Doc. No. 2) and supporting brief (Court's Doc. No. 3). Con-way argues that Crown's claims against it arise from the interstate shipment of goods and, therefore, are preempted by the Carmack Amendment, 49 U.S.C. § 14706. *Mtn. to Dismiss at 1-2.*

In response, Crown filed a brief (Court's Doc. No. 6) and an amended complaint (Court's Doc. No. 7). In the Amended Complaint, Crown asserts a claim under the Carmack Amendment and abandons its claims asserted in the original complaint. Thus, Crown argues that Con-way's motion to dismiss should be denied. The Court agrees.

Rule 15(a)(1)(A), Fed. R. Civ. P., allows a party to amend its complaint, *inter alia*, "once as a matter of course ... before being served with a responsive pleading[.]" A motion to dismiss a complaint is not a responsive pleading within Rule 15(a)'s meaning. Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1158 n.5 (9th Cir. 2007) (citing Miles v. Department of Army, 881 F.2d 777, 781 (9th Cir. 1989)).

Here, Crown filed its Amended Complaint after Con-way filed a motion to dismiss, but before Con-way filed a responsive pleading. Thus, the Amended Complaint complies with Rule 15(a). Because Con-way's motion to dismiss relates to the original Complaint and the original Complaint is no longer operative, the motion to dismiss it is

moot. Accordingly,

**IT IS RECOMMENDED** that Con-way's Motion to Dismiss (Court's Doc. No. 2) be DENIED as moot.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Order and Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation portion must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 28th day of February, 2008.

Carolyn S. Ostby
United States Magistrate Judge

-3-