IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| CROWN PARTS AND MACHINE, INC., a Montana corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>CON-WAY FREIGHTS, INC., a Delaware corporation,<br><br>        Defendant,<br>_____<br><br>CON-WAY FREIGHTS, INC., a Delaware corporation,<br><br>        Counter-Plaintiff,<br><br>vs.<br><br>CROWN PARTS AND MACHINE, INC., a Montana corporation,<br><br>        Counter-Defendant, | CV-08-18-BLG-RFC-CSO<br><br><u>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u> |

Crown Parts and Machine, Inc. ("Crown") initiated this action in state court against Con-way Freight Inc. ("Con-way"). Cmplt. (Court's Doc. No. 5). Con-way removed the action to this Court. Court's Doc. No. 1 (Notice of Removal). Crown filed an Amended Complaint. Court's Doc. No. 7.

Crown alleges that it contracted with Con-way for Con-way to transport certain mining parts for Crown from Los Angeles, California, to Billings, Montana. Am. Cmplt. at ¶¶ 7 and 9. Crown alleges that Con-way failed to transport a part identified as a "VE7384 Torque Tube" that has a fair market value of $33,192.72. Id. at ¶ 12. Crown seeks compensatory damages for the torque tube, prejudgment interest, and consequential damages.

Con-way filed a Counterclaim. Court's Doc. No. 10. It claims that Crown engaged its services on multiple occasions from March to September in 2007 and wrongfully failed to pay for the services provided. Con-way seeks $17,014.29 in damages for the services provided, plus pre-judgment and post-judgment interest, costs, and attorney fees.

Before the Court is Con-way's Motion for Partial Summary

Judgment.  Court's Doc. No. 29.  It seeks summary judgment on its counterclaim against Crown arguing that no genuine issue of material fact exists with respect to its claim for payment for services rendered. Br. in Support of Mtn. for Partial Summary Judgment (Court's Doc. No. 32) at 4-10.  Con-way also argues that Crown is not entitled to the consequential damages that it seeks in its Amended Complaint.  Id. at 11-13.

In response, Crown concedes that it owes Con-way $17,014.29 for payment for Con-way's services to it.  Crown's Resp. Br. (Court's Doc. No. 35) at 2.  But, Crown requests that the Court "stay enforcement of a judgment on the Counterclaim until the entering of subsequent judgment on the remaining claims in the entire case" under Fed. R. Civ. P. 62(h).  Id.  Also, Crown agrees that its claim for consequential damages is "inappropriate, and agrees that its claim is the missing property's market value in Billings had it arrived safely."  Id. at 3.

Con-way did not file a reply to Crown's response brief.  The time for doing so has passed.

In light of Crown's concessions, both with respect to Con-way's claim against it and its claim for consequential damages, the Court will

recommend that Con-way's motion be granted.  With respect to Crown's request that the Court stay enforcement of a judgment on the counterclaim until resolution of the entire case, the Court notes that such a stay is unnecessary.  An order granting a motion for partial summary judgment is an interlocutory order and not a final judgment until the Court enters a judgment disposing of the entire case.  See In re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir. 1997) (citing St. Paul Fire & Marine Ins. Co. v. F.H., 55 F.3d 1420, 1425 (9th Cir. l995).  See also Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1, 6 (1st Cir. 2004).  Since there is no request for a Rule 54(b) certification here, the cases cited by Crown are inapposite.

Accordingly,  IT IS RECOMMENDED that Con-way's Motion for Partial Summary Judgment (Court's Doc. No. 29) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation portion must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt

hereof, or objection is waived.

DATED this 31st day of March, 2009.

>/S/ *Carolyn S. Ostby*
> Carolyn S. Ostby
> United States Magistrate Judge